# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 5:17-cv-00341-RGK-KES | Date: June 28, 2017 |

Title: SONNY MITCHELL v. K. SEIBEL, ET AL.

PRESENT:

### THE HONORABLE KAREN E. SCOTT, U.S. MAGISTRATE JUDGE

| Jazmin Dorado | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**      **ORDER TO SHOW CAUSE why Plaintiff's Complaint should not be dismissed as moot**

On January 27, 2017, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 in the Southern District of California. (Dkt. 1.) Plaintiff also filed a request to proceed in forma pauperis ("IFP"). (Dkt. 2.) The Southern District transferred the case to this Court on February 21, 2017.

Plaintiff's Complaint alleges he was transferred to Chuckawalla State Prison ("Chuckawalla") in October of 2016. (Dkt. 1 at 3.) Once he arrived he was deemed "high risk medical" and a Chuckawalla doctor recommended Plaintiff's transfer to Chino State Prison ("Chino"). (Id.) However, due to alleged action or inaction by the Defendants, Plaintiff was not transferred by January 2017, when he filed his Complaint. Plaintiff contends that Defendants' failure to immediately transfer Plaintiff to Chino demonstrates that they were deliberately indifferent to his medical needs. (Id.)

In his request for relief, Plaintiff asks only for "emergency transfer to CIM-Chino as soon as possible." (Dkt. 1 at 8.) He specifically states he is not seeking further injunctive or monetary relief. (Id.)

On June 23, 2017, Plaintiff filed a notice of change of address, indicating that he has been transferred to CIM-Chino. (Dkt. 8.) The Court has confirmed his current prison location through California's online inmate locator. Therefore, his only demand has been satisfied, and the case

appears moot.

Generally, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000). The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted. Sierra Forest Legacy v. Sherman, 646 F.3d 1161, 1192 (9th Cir. 2011) (citing Northwest Envm't Def. Ctr. V. Gordon, 849 F.2d 1241, 1244 (9th Cir. 1988). "A claim becomes moot when a plaintiff … receives complete relief on that claim." Chen v. Allstate Ins. Co., 819 F.3d 1136, 1139 (9th Cir. 2016).

**On or before July 27, 2017**, Plaintiff is ordered to show cause why his complaint should not be dismissed as moot. If Plaintiff seeks no further relief, he may voluntarily dismiss this action without prejudice by filling out and filing the attached notice of dismissal form.

If Plaintiff wishes to pursue this lawsuit, he should file a First Amended Complaint that identifies what further relief he is seeking by **July 27, 2017**. If Plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned to this case, be labeled "First Amended Complaint," and be complete in and of itself without reference to the original Complaint or any other documents (except those that Plaintiff may choose to attach as exhibits).

The Clerk of Court shall please attach a blank notice of dismissal form and a blank civil rights complaint form.

Initials of Deputy Clerk JD